## MOULTON *v.* PARKER & YOUNG.

When an action requiring an investigation of accounts or an examination of vouchers has been referred to an auditor, his authority is not restricted to an examination and statement of what are strictly and technically matters of account, but he may rightfully consider and decide all questions incidental to, or involved in an investigation of the actual indebtedness of the parties between themselves, under the pleadings, and embody the result of his investigations in his report to the court.

An auditor has full power, under the statute, to hear, examine and determine all matters of fact and of law, arising in the progress of the trial before him,

Moulton *v.* Parker & Young.

the determination of which is necessary to enable him to state clearly and decisively the balance of indebtedness between the parties, on the various claims embraced in the action submitted to his consideration.

AUDITOR'S REPORT, a copy of which is made a part of this case.

The plaintiff moves that the report be recommitted to the auditor, for the purpose of being amended, by striking out all except a statement of the accounts, including the finding that there was a tender.

### REPORT.

The auditor, being first duly sworn, having given notice to the parties that he would attend to the duties of said appointment on the 5th day of September, 1855, at E. Carleton's dwelling-house, in Bath, in said county, at 10 o'clock in the forenoon; and having attended at the said time and place, the parties appeared before me, and the hearing was adjourned to the 17th day of September, A. D. 1855, at 10 o'clock in the forenoon, at the same place, when and where I again met the parties; and after proceeding with the hearing through said day, the hearing was further adjourned to the 24th day of September, A. D. 1855, at 4 o'clock, P. M., at the same place, when and where the parties appeared and were fully heard. And having at said several times heard and considered the evidence, allegations and arguments of the parties, and their counsel, I report the following statement of the accounts between said parties, to wit:

The plaintiff's specification of his claim is the same as his account annexed to his writ, which consists of seven items, and he offered no evidence in support of any other claim.

| | |
|---|---:|
| Of the first item, amounting to $169.42, I allow, and disallow the residue of said item. | $152.47 |
| The second item, amounting to $4.23, I disallow, except | .08 |
| The third item, amounting to 82 cents, I allow, | .82 |
| Of the fourth item, amounting to $14.00, I allow, and disallow the rest of said item. | 5.00 |
| The fifth item, amounting to $7.70, I allow, | 7.70 |
| The sixth item, amounting to 28 cents, I allow, | .28 |
| The seventh item, amounting to 25 cents, I allow, | .25 |
| | $166.60 |

The defendants' account annexed to their plea, and pleaded by them as a set-off, and consisting of sixty-four items, amounting in all to ninety-three dollars and eighty-seven cents, I allow in full,                                                              $93.87

And I find that the defendants did offer and tender to the plaintiff the sum of one hundred and fifty-two dollars and fifty-five cents, in manner and form as the defendants have alleged in their second plea, by them pleaded.

I therefore find a balance of $79.82 for the defendants, excluding from the amount allowed the plaintiff the sum tendered as above. Upon this sum interest should be cast from the date of the writ, or from the time of pleading the set-off, as the court may order, if it shall be thought competent to allow interest on said balance.

All of which is respectfully submitted.

N. B. FELTON, *Auditor.*

*H. Hibbard,* for the plaintiff.

Auditors, possessing limited powers, derived solely from the statute, have no authority to consider any other matters than those involving an investigation of accounts, or an examination of vouchers ; nor to insert anything in their reports except a statement of the accounts, unless by consent of the parties, for the purpose of obtaining the opinion of the court upon legal questions. Comp. Stat., ch. 202, p. 489 ; *Bartlett* v. *Trefethen,* 14 N. H. 427 ; *Green* v. *Pickering,* 8 Foster 360–8.

In these cases it was said that if the report contains anything more than a statement of the accounts, it should not go to the jury, but should be recommitted, with instructions to strike out the extraneous matter.

To the same effect are the cases of *Brewster* v. *Edgerly,* 13 N. H. 274 ; *Wright* v. *Cobleigh,* 1 Foster 341.

Similar are the decisions in Massachusetts under a like statute. Mass. Rev. Stat., ch. 96, sec. 25 ; *Jones* v. *Stevens,* 5 Met. 373–7 ; *Whitwell* v. *Willard,* 1 Met. 216.

The question of the tender was one of fact purely, and not

within the province of the auditor to investigate or report upon. It cannot follow that when a case is committed to an auditor for his action on matters proper for him to consider, he may, because they are in the case, assume to adjudicate upon other matters, not placed by the statute within his jurisdiction. Were it so the statute would be perverted to purposes for which it was not intended. The scope of the reference cannot be broader than the jurisdiction.

The provisions of the law restricting an auditor to " a statement of the accounts," shows that such cannot be its construction. The same inference is to be drawn from the Massachusetts cases cited. They involved questions some of which were held to be competent and some not competent for the auditor to consider.

The powers of auditors being derived solely from statutory provisions, cannot transcend the terms of the statute, and must be exercised in substantial conformity with its provisions. Bouvier's Law Dic., 372, art. " Jurisdiction ; " *Prichard* v. *Atkinson*, 3 N. H. 335–7.

The accounts should have been stated in the alternative, according as they should be affected by the fact of tender or no tender, when that fact should be determined by the proper authority. *Jones* v. *Stevens,* 5 Met. 373.

*Carpenter*, for the defendant.

When a case is referred to an auditor, he is to find all the matters involved in the record, of whatever character. Such has been the practice, and it is founded in good sense and sound reason. Otherwise there must be two trials in almost every case.

If an action be referred to an auditor, he is to consider and report upon all matters involved in the suit. He must decide all questions incidental to, or involved in the statement and adjustment of the accounts of the parties.

FOWLER, J. By the statutes of this State it is provided that whenever it shall appear to the court that an investigation of ac-

counts or an examination of vouchers is necessary in any action pending therein, they may appoint one or more auditors to state the accounts and make report to the court; which report shall be evidence in all cases, and final, if accepted by the court. It is further provided, that if either party shall neglect or refuse to appear before the auditor, or to render an account, or to produce such books and papers, and to answer on oath such interrogatories relating to the matter in controversy as may be pertinent and material, the auditor shall certify the same to the court; and the court shall thereupon render judgment against such party, as upon nonsuit or default; and, if necessary, cause the damages to be assessed by a jury. Rev. Stat., ch. 189, secs. 1, 5, 6 and 7.

The case before us presents the single question, whether, where an action requiring an investigation of accounts and an examination of vouchers has been referred to an auditor under the foregoing provisions, his authority is restricted to an examination and statement of what are strictly and technically matters of account; or whether he may properly consider and decide all questions incident to or involved in an investigation of the actual indebtedness of the parties between themselves, upon the various claims properly presented under the pleadings, and state the result of his investigations in his report to the court.

The decision of this question necessarily involves, as the legitimate basis of the true construction of the statute, a consideration of the probable purpose and intention of the legislature in authorizing the appointment of auditors. And we think it quite obvious that the principal design of the statute must have been to facilitate and render less expensive the trial of a class of cases which it was generally difficult and often very onerous to investigate before a jury. To accomplish this object the action is referred to an auditor; the parties are required to appear and produce before him their books and papers, and to answer on oath all pertinent and material interrogatories relating to the matter in controversy; and the auditor's report, if satisfactory to the parties, and accepted by the court, is final, and constitutes the foundation of the judgment of the court. If not satisfactory, the

report is made evidence before the jury, subject to be impeached by evidence offered by either party ; the law evidently contemplating that in a large majority of cases the hearing before the auditor would terminate litigation between the parties.

From a view of all its provisions, as well as from the manifest intention of the statute, it does not seem to us to admit of reasonable doubt that its true construction gives to an auditor full power and authority to consider, examine and determine all matters of fact and of law arising in the progress of the trial before him, the determination of which is necessary to enable him to state fully and decisively the balance of indebtedness between the parties on the various claims embraced in the action submitted to his consideration. "The matter in controversy," in regard to which the parties are required to answer all pertinent and material interrogatories, must be understood to be the subject matter of the suit, however complicated and various its character ; and they would be compelled thus to answer to no valuable end, unless the auditor were at liberty to ascertain and state the conclusions at which he might arrive from analyzing and weighing the evidence thus elicited. The authorities cited for the plaintiff show conclusively that the parties are not required to testify, to enable the auditor to report the testimony, for his report may not contain any statement whatever of the evidence introduced before him. If he may not state his conclusions on every material matter arising on the trial, in any way affecting the question of indebtedness between the parties, what reason for supposing the parties could be satisfied with his report, or what judgment, just and equitable between the litigants, could the court render upon it ? or, if it were given to the jury as evidence, what weight could it have on all those points, material to the rights of the parties, not embraced in a naked statement of the strict matters of account between them ? If, for instance, the claim of the plaintiff were an account to the writ annexed, and the defence pleaded payment, how could the defendant be expected to be satisfied with the report, if the auditor could only state the claim of the plaintiff as established before him, but was

not permitted to hear and weigh the evidence offered to show the extinction of that claim? Or, where a tender was pleaded and relied upon, if the auditor could not consider the evidence in relation to it, and state the conclusion at which he arrived, how could the defendant be otherwise than dissatisfied with the report? Indeed, were the authority of the auditor limited, as the plaintiff contends it should be, no one can doubt that a great majority of the actions referred to an auditor must necessarily be again tried before the jury; thus almost entirely defeating the clear and obvious intention of the legislature in providing for trials before auditors.

The construction we have given to the statute under consideration is believed to be in accordance with the general practice in this State since its passage, and is sustained by repeated decisions of the Superior Court. Thus in *Jones* v. *Parker*, 6 Foster 20, it was held that an action upon a promissory note was a proper matter for the consideration of an auditor, where an investigation of accounts or an examination of vouchers was necessary on a trial of the merits, although the chief matter of dispute was, whether the note in suit were the undertaking of the defendant or of a corporation. So in *Fords* v. *Porter & Rolfe*, 32 N. H. 376, where the principal claim was an account for anvils delivered to a third person, upon an alleged previous special contract of the defendants to pay for the same, it was held, that as an investigation of accounts and vouchers was involved in a trial of the merits, the action was a proper one for the determination of an auditor, although his inquiries might and necessarily would embrace a consideration and determination of the question of the existence of the special contract, relied upon by the plaintiffs as the foundation of the claim for the anvils so delivered. In both these cases the judges who delivered the opinion of the court intimate very decidedly, if they do not expressly say, that the general practice under the act authorizing the appointment of auditors had been in accordance with the views we have endeavored to maintain. See, also, *Putnam* v. *Goodall*, 11 Foster 419.

The powers and duties of an auditor, in our judgment, extend-

ing to an investigation of all the material questions arising in the trial before him, the motion to recommit the report in the present case, for the purpose of striking out its finding on the subject of the tender pleaded, must be denied.